UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| John Doe, | Case No. 11-CV-2561 (MJD/SER) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| Cemstone Products Company,<br>Concrete Products Health and Welfare Plan, | |
| Defendant. | |

---

Thomas E. Glennon, Esq., Thomas E. Glennon, P.A., 90 South 7th Street, Suite 4700, Minneapolis, Minnesota 55402, for Plaintiff.

George R. Wood, Esq., Littler Mendelson, P.C., 80 South 8th Street, Suite 1300, Minneapolis, Minnesota 55402, for Defendant Cemstone Products Company.

Terrance J. Wagener and Molly R. Hamilton, Esq., Messerli & Kramer, PA, 1400 Fifth Street Towers, 100 South Fifth Street, Minneapolis, Minnesota 55402, for Defendants.

---

STEVEN E. RAU, United States Magistrate Judge

This case is before the Court on Defendant Cemstone Products Company's Motion to Dismiss Counts I and II and In Part Count III of Plaintiff's Complaint [Doc. No. 2] and Defendant Concrete Products Health and Welfare Plan's Motion to Dismiss Motion to Dismiss Count II and In Part Count III of Plaintiff's Complaint [Doc. No. 6]. Chief Judge Michael J. Davis referred this matter to the undersigned in an Order of Reference on September 14, 2011, pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Minnesota Local Rule 72.1(b). This Court held a hearing on November 18, 2011 and took the matter under advisement. For the reasons set forth below, the Court recommends that Defendants' motions be granted in part and denied in part.

1

I.      BACKGROUND

Plaintiff John Doe ("Doe[1]") worked at Cemstone Products Company ("Cemstone") as the Vice President of Sales and Marketing from August 22, 2005 to June 28, 2010.  (Compl. at ¶ 7) [Doc. No. 1-1].  He participated in a Long Term Disability Policy ("LTD Policy[2]") administered by ReliaStar Life Insurance Company ("ReliaStar").  (Compl. at ¶ 2).  Doe suffered a stroke on March 21, 2010 and was out of work from March 22, 2010 to April 4, 2010, during which time he received salary continuation benefits under Defendants' Short Term Disability Policy ("STD Policy").  (*Id*. at ¶¶ 8, 9).  Doe returned to work full-time from April 5, 2010 to June 28, 2010.  (*Id*. at ¶ 9).  After Doe informed Cemstone in June that he planned to see his health care provider on June 29, 2010 for additional follow-up on his cognitive and occupational difficulties and deficits resulting from his stroke, Cemstone terminated Doe on June 28, 2010 as part of a

---

[1] Cemstone's Reply Memorandum objects to Doe proceeding under a pseudonym. (Reply Mem. in Supp. of Mot. to Dismiss Brought by Def. Cemstone Products Company) ("Def.'s Reply Mem.") [Doc. No. 13, at 1 n.1]. Defendants have filed neither a motion nor a formal request challenging Doe's use of a pseudonym.  Proceeding under a pseudonym, however, is done by first asking the Court's permission, which Doe did not do.  Litigation regarding pseudonyms is rare; the parties are encouraged to resolve this issue on their own.

[2] On a motion to dismiss, a court may consider "materials that are necessarily embraced by the pleadings without transforming the Motion into one for Summary Judgment." *Bigalke v. State of Minn. Dept. of Veterans Affairs*, No. 10-212, 2010 WL 3702597, at *4 (D. Minn. Aug. 10, 2010) (internal citation omitted).  Yet, materials outside the pleadings must be "documents whose contents are alleged in a complaint and whose authenticity nobody questions. . . ." *Fraenkel v. Messerli & Kramer, P.A.*, No. 04-1072, 2004 WL 1765309, at *2 (D. Minn. July 29, 2004) (internal citations omitted).  Cemstone attached a copy of the LTD policy in support of its motion to dismiss.  (Decl. of George R. Wood in Supp. of Mot. to Dismiss Brought by Def. Cemstone Products. Co) ("Wood Decl.") [Doc. No. 5-1, at 16-37].  The LTD Policy purports to be an ERISA policy; the Summary Plan Description and the Statement of ERISA Rights sections specifically reference ERISA and states, "As a participant in the Plan you are entitled to certain rights and protections under [ERISA]. . . ." (Wood Decl. at 34, 36).  However, at oral argument, Doe asserted that the version of the LTD Policy in the Wood Declaration differs from the version Doe was given upon his termination.  Because Doe contests the authenticity of the version of the LTD Policy in the Wood Declaration, the Court will not consider this document.  *See Fraenkel*, 2004 WL 1765309, at *2.

reduction in force.  (*Id*. at ¶¶ 13, 14).  Cemstone and Doe entered into a Separation Agreement and General Release ("Separation Agreement") on September 29, 2010.[3]  (*Id*. at ¶ 15).

Cemstone submitted a LTD Policy application on Doe's behalf on November 4, 2010, that ReliaStar denied on February 3, 2011.  (*Id*. at ¶¶16, 17).  ReliaStar's denial letter did not specify whether ERISA or Minnesota law governed the LTD Policy. (Compl. Addendum 1, at 1-4).  The grounds for the denial were: 1) Doe's date of disability occurred one day after he was terminated; 2) Doe's premiums were not paid through his disability date; and 3) Doe did not qualify for recurrent benefits because benefits were not payable between March 21, 2010 and April 5, 2010.  (*Id*.).  ReliaStar affirmed Doe's appeal of the denial on May 9, 2011.  (*Id*. at ¶¶ 19, 21).

Doe filed the instant action against Cemstone in Carver County District Court on August 12, 2011, alleging three causes of action: breach of the Separation Agreement (Count I); breach of a separate contract for salary continuation payments (Count II); and ERISA violations (Count III).  Defendants removed the case to this Court and filed their motions to dismiss on September 9, 2011.

## II.   DISCUSSION

### A.  Standard of Review

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The short and plain statement must provide "fair notice of the plaintiff's claim and grounds for relief."  *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).  On a motion to dismiss, a court must assume that all the facts alleged in the complaint are true and must construe the

---

[3] Cemstone's Memorandum incorrectly states that the Separation Agreement was signed on June 29, 2011.  (Mem. in Supp. of Mot. to Dismiss Brought by Def. Cemstone Products Co.) ("Def.'s Mem.") [Doc. No. 4, at 3].

complaint in the light most favorable to the plaintiff. *Id.*; *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009); *Benton v. Merrill Lynch Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). A court may, however, reject any unwarranted inferences and conclusory or catch-all assertions of law. *See Elam v. Neidorff*, 544 F.3d 921, 926 (8th Cir. 2008). A motion to dismiss should be granted only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 12(b)(6); *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). To survive a motion to dismiss, the complaint must allege facts that raise more than a speculative right to relief. *Benton*, 524 F.3d at 870 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

### B. ERISA Preemption of State Law Claims (Counts I and II)

Doe acknowledges that if the LTD Policy is an ERISA plan, Counts I and II are preempted. (Mem. of Law in Opp'n to Defs.' Motion for Partial Dismissal) ("Pl.'s Mem.") [Doc. No. 11, at 12]. ERISA is a "comprehensive statute" designed to ensure uniform administration and standards. *Kuhl v. Lincoln Nat'l Health Plan of Kansas City, Inc.*, 999 F.2d 298, 301 (8th Cir. 2003) (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44 (1987)); *see also Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 90 (1983). ERISA preempts "all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). "Given ERISA's broad pre-emption provision, state law claims for improper plan administration are pre-empted." *Consol. Beef Inds., Inc. v. New York Life Ins. Co.*, 949 F.2d 960, 963-64 (8th Cir. 1991) (internal citation omitted). The United States Supreme Court has interpreted the phrase "relate[s] to" an ERISA benefit plan as an issue of whether the claim "has a connection with or reference to [an ERISA] plan." *Metro. Life Ins. Co. v. Mass.*, 471 U.S. 724, 739 (1985) (internal citation omitted). Though not automatic, ERISA preemption is broad. *See Kuhl*, 999

F.2d at 300-301 (explaining that Plaintiff's "state law claims arise from the administration of [an ERISA plan] . . . are preempted as claims that 'relate to' an ERISA plan"); *See Fort v. St. Paul Fire & Marine Ins. Co.*, No. 01-2344, 2002 WL 1127657, at *3 (D. Minn. May 28, 2002) ("The deliberately expansive ERISA preemption clause is conspicuous for its breadth, and under its 'broad, common sense meaning'") (quoting *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138-39 (1990)); *see also Engelhoff v. Engelhoff*, 532 U.S. 141, 146 (2001) (citing *New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995)).

For purposes of this analysis only, the Court assumes that the LTD Policy is an ERISA plan. First, Paragraph Four of Doe's Complaint states that the LTD Policy is an ERISA benefit plan.[4] Second, though Defendants' February 3, 2011 denial letter obfuscates whether Defendants maintain that ERISA or Minnesota law applies to the LTD Policy, Defendants' briefs repeatedly refers to the LTD Policy as an ERISA-regulated plan. *See* (Compl. Addendum); (Def.'s Mem. at 6-7) [Doc. No. 4]; (Def.'s Rep. Mem. at 5).

Doe's assertions that the state law claims alleged in Counts I and II are not "related to" the LTD Policy facially contradict its Complaint. In Counts I and II, Doe alleges that Defendants' improper denial of benefits under the LTD Policy constituted a breach of both the Separation Agreement and the separate contract for salary continuation payments. Twelve times in Count I and four times in Count II, Doe references the LTD Policy; both counts discuss the LTD Policy at length. (Compl. at ¶¶ 6-29). Moreover, Doe does not allege any separate grounds for a breach of the Separation Agreement or the separate agreement for salary continuation

---

[4] "Defendant Concrete Products Health and Welfare Plan, a plan of insurance underwritten and administered by ReliaStar Life Insurance Company ("ReliaStar"), by and through the LTD Policy, at all relevant times, has been and is now a "welfare benefit plan" under 29 U.S.C. § 1002(1) and an "employee benefit plan" under 29 U.S.C. § 1002(3)." (Compl. at ¶ 4). Although this fact may be plead in the alternative, Doe made no specific representation to this effect, nor did he make these assertions exclusive to Count III. *See* Fed. R. Civ. P. 8 (d) (2), (3).

payments outside of the LTD benefits denial. Logically, breach of contract claims arising out of a dispute over an ERISA LTD Policy "relate to" the benefit plan. 29 U.S.C. § 1144(a); *See Kuhl*, 999 F.2d at 300-301; *Consol. Beef*, 949 F.2d at 963-64. Though Fed. R. Civ. P. 8 (d) (2) permits Doe to plead in the alternative, his preempted state law claims that are not explicitly contingent upon the determination that the LTD Policy is not an ERISA plan. *See Fort*, 2002 WL 1127657, at *2. As written, Counts I and II are directly and exclusively related to the LTD Policy, preempted in their entirety, and should be dismissed. *Consol. Beef*, 949 F.2d at 963-64; *Fort*, 2002 WL 1127657, at *2.

Any prejudice concerns Doe may have should the LTD Policy be deemed later not to be an ERISA plan are unfounded. *Cf. Eide v. Grey Fox Technical Services Corp.*, 329 F.3d 600, 608 (8th Cir. 2003); *Kuhl*, 999 F.2d at 301; *Crews v. Gen. Am. Life Ins. Co.*, 274 F.3d 502, 505 (8th Cir. 2001). *Eide* and *Crews* are distinguishable from the instant case because they involved lump sum payments rather than a claim relating to the administration of on-going benefits. *Eide*, 329 F.3d at 605; *Crews*, 274 F.3d at 506. The *Kuhl* Plaintiffs, unlike Doe, did not allege a cause of action under ERISA in their complaint, which left them without a viable ERISA claim when their post-summary judgment motion to amend the complaint was denied. *Id*. at 300-01. Here, Doe's ERISA claim is not challenged and will survive this motion. Moreover, the pretrial scheduling order has yet to be issued, thus allowing Doe to bring a timely motion to amend.[5]

### C. ERISA Violations (Count III)

Doe states that the claims asserted in Count III are solely based on ERISA. *See* (Pl.'s Mem. at 17). Yet, Defendants maintain that the allegations in paragraphs 33-35 constitute state law claims and move that this portion of Count III be dismissed. *See* (Def.'s Mem. at 8).

---

[5] Prior to the Pretrial Scheduling Conference, the Parties are encouraged to consider Doe's prejudice concerns in proposing deadlines for amended pleadings.

Reading the Complaint in the light most favorable to Doe, the Court interprets Count III as based exclusively on ERISA and not on state law. *See*, *e.g.*, *Crooks*, 557 F.3d at 848; *Eckert*, 514 F.3d at 806; *Benton*, 524 F.3d at 870. Defendants' motions with respect to Count III should be denied.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Cemstone Products Company's Motion to Dismiss Counts I and II and In Part Count III of Plaintiff's Complaint [Doc. No. 2] be **GRANTED in part and DENIED in part as follows:**

   a. To the extent that the motion seeks to dismiss Count I, the motion should be **GRANTED**;

   b. To the extent that the motion seeks to dismiss Count II, the motion should be **GRANTED**;

   c. To the extent that the motion seeks to dismiss Count III in part, the motion should be **DENIED;**

2. Defendant Concrete Products Health and Welfare Plan's Motion to Dismiss Motion to Dismiss Count II and In Part Count III of Plaintiff's Complaint [Doc. No. 6] be **GRANTED in part and DENIED in part as follows:**

   a. To the extent that the motion seeks to dismiss Count II, the motion should be **GRANTED**; and

   b. To the extent that the motion seeks to dismiss Count III in part, the motion should be **DENIED.**

Dated: December 2, 2011

                                                            s/ Steven E. Rau
                                                            STEVEN E. RAU
                                                            United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **December 16, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.